## SCHRAM v. ROSENFIELD.
### No. 1781.

District Court, E. D. Michigan, Southern Division.

Jan. 7, 1941.

Robert S. Marx and Norman P. Burau, both of Detroit, Mich., for plaintiff.

Kenneth D. Wilkins, of Detroit, Mich., for defendant.

PICARD, District Judge.

### Findings of Fact.

On May 2nd, 1938, two days before the Michigan statute of limitations, Comp.Laws Mich.1929, § 13976, would have outlawed the note, plaintiff started action against Jacob Kane, maker, and Carl Rosenfield, endorser, in the Common Pleas Court of the City of Detroit. Service was had on Jacob Kane but after return of the original summons unserved on defendant Carl Rosenfield, one alias and ten pluries summonses were issued. Plaintiff filed praecipe before issuing each pluries summons but no written special motion or affidavit showing cause for issuance of summons was filed. The evidence shows, however, that on each occasion plaintiff's attorney appeared before the proper court, made his motion verbally, and gave his reasons; that the Judge then initialed the praecipe and that the pluries issued upon presentation of the initialed praecipe to the clerk.

It appears also that the constable claimed he got service on defendant with the seventh pluries summons. This was challenged, but while the question of service or non-service was being heard by the court, the time (following the return day) for issuance of a new pluries summons expired and the eighth pluries was issued within five days after it was determined that service had not been obtained.

In defendant's answer failure to secure a new summons within five days after the return day of the seventh pluries was the main defense and the real issue, but in the briefs filed, defendant evidently abandons this. He now asserts that all formalities necessary for pluries summons after the second were not complied with in that the following notation had not been stamped on any succeeding pluries summons:

"At the request of the plaintiff, and for cause shown, I hereby deputize and authorize ———— being a suitable person and not interested in the cause, to serve the within writ.

Presiding Judge, Common Pleas Court."

Defendant claimed that this should have appeared upon all of the writs as the minimum of evidence required to show that there had been due reasons before the court justifying an alias writ.

The tenth pluries summons was not returned within the time provided under the rules and therefore the Common Pleas

Court case was dismissed as to Carl Rosenfield. Action gets into the Federal Court under Section 13982, C.L.1929 State of Michigan, which provides that plaintiff may commence a new action for the same cause within one year after the dismissal of the prior suit where there is a lack of return of service through "neglect of the officer to whom it [summons] is committed."

Plaintiff complied with this provision but if this suit falls, plaintiff loses any possibility of recovery because of the Michigan Statute of Limitations.

### Conclusions of Law.

Rule 6 of the Common Pleas Court for the City of Detroit provides as follows: "Not more than one alias and one pluries summons shall be issued in any case except upon the order of the Presiding Judge or the Presiding Judge pro tempore, and then only after cause shown."

■ We agree with plaintiff that the stamp of the court as above noted beginning with "At the request of the plaintiff", is used for the purpose of designating some particular person other than a constable to make service and has nothing to do with pluries summons at all. And we know that in actual practice it is not required that a written motion or affidavit be made for pluries summons but that a showing before the court is the only requirement.

■ We fail to see how plaintiff could have done much more to keep his case alive. There is nothing to indicate that diligent search was not made and the presumption is that diligent search was made. Undoubtedly the practice in the Common Pleas Court was just exactly as was testified. Attorney for plaintiff would appear before the court, make his showing, the court would initial the praecipe and a new summons issued.

Practice in the Common Pleas Court must necessarily be simple. There was no right of defendant that has been jeopardized by what has been done, except possibly plaintiff's failure to comply with the issuance of a pluries summons within five days after return of the seventh summons. This does present a question. There was a gap of about a month between the return day of the seventh pluries summons and issuance of the eighth pluries, but this was explained by the return on the seventh summons which indicated service had been obtained. The truth of the officer's return was then being contested and we don't know how another pluries summons could have been secured by plaintiff within the five days following the return day of the seventh summons unless as a precaution, without an admittance on plaintiff's part that service had not been made upon defendant. This was the very point at issue, and within five days after this contest was decided by the lower court, the new pluries summons was issued.

In the absence of any showing of authorities by defendant that plaintiff was bound by the return of its own officer and that it proceeded beyond the five day limit at its own peril, we must hold for plaintiff in this action. We must also add that in considering this phase of the case, the court is impressed with the possibility of fraud on the part of any defendant or those who would conspire with him. To hold otherwise might open the door for those who might indicate to the officer that a certain party was the defendant knowing that he was not. The officer in making service would be acting in good faith but at the time of the hearing, on special appearance, the truth would be made known. In the meantime the return day of the summons, plus the five days of grace, would have expired. In short, an unscrupulous defendant and his equally unscrupulous friends might easily circumvent justice.

On the other hand, we believe that since a new pluries summons was issued within five days after the court had determined that service on defendant had not been made, that this was sufficient and fair. We so hold, subject, of course, to any authority to the contrary on the point above indicated submitted to us forthwith.